UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Charlene Morris Wood, | ) | Civil Action No.: 8:17-cv-00930-AMQ |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Nancy A. Berryhill, Acting | ) | |
| Commissioner of Social Security, | ) | |
| Defendant. | ) | |

This is a Social Security appeal brought pursuant to 42 U.S.C. § 405(g) in which Plaintiff Charlene Morris Wood ("Plaintiff") seeks judicial review of the final decision of the Acting Commissioner of Social Security ("Commissioner") denying her claim for disability insurance benefits ("DIB"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 D.S.C., this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("Report") on May 31, 2018, recommending that the Commissioner's decision be affirmed. (ECF No. 23). Plaintiff filed objections to the Report ("Objections") on June 14, 2018 (ECF No. 25), and the Commissioner filed her Reply on June 27, 2018. (ECF No. 26.) The Court has reviewed Plaintiff's Objections, but, in light of the record, finds them to be without merit. Therefore, the Court adopts the Report of the Magistrate Judge and affirms the decision of the Commissioner, as further explained below.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

The Report sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates them and summarizes below in relevant part. Plaintiff filed an application

for DIB benefits on September 13, 2013. (Tr. at 10.) Plaintiff alleges a disability onset date of August 16, 2013. (Tr. at 10.) The application was denied initially and upon reconsideration by the Social Security Administration. (Tr. at 10.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") which was held on December 1, 2015. (Tr. at 10.) On February 16, 2016, the ALJ issued a ruling and denied Plaintiff's claim. (Tr. at 10-23.) The Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. at 1), thereby making the ALJ's decision the final decision of the Commissioner. (Tr. at 1-3.) Plaintiff filed an action in this Court on April 10, 2017. (ECF No. 1.)

## II. REPORT AND RECOMMENDATION

The Magistrate Judge recommends that the Commissioner's final decision be affirmed. (ECF No. 23 at 26.) The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1). "However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

In the Report, the Magistrate Judge first set forth Plaintiff's contentions that the ALJ: (1) erred in his credibility determination; (2) erred in over-assessing Plaintiff's Residual Functional Capacity ("RFC"); (3) failed to consider or discuss the vocational consequences of Plaintiff's pain; and (4) failed to properly assess Plaintiff's mental RFC. (ECF No. 23 at 3.) Plaintiff also argued that the evidence supports that Plaintiff is disabled under the Medical-Vocational Guidelines at a light level of exertion. (ECF No. 23 at 3.) The Magistrate Judge also set out the Commissioner's contention that the ALJ's decision is supported by substantial evidence and should be confirmed based on a reasonable assessment of Plaintiff's credibility and RFC, among other things. (ECF No. 23 at 3-4.) The Magistrate Judge then set forth the applicable law in detail (ECF No. 23 at 7-17.) In view of the law, the Magistrate Judge considered the ALJ's RFC and credibility determinations, concluding that the ALJ followed the process outlined by the regulations in identifying Plaintiff's medically determinable impairments and evaluating Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms. (ECF No. 23 at 20.) The Magistrate Judge concluded that substantial evidence supports both the ALJ's credibility and RFC assessment, recommending this Court decline to substitute its judgment for that of the ALJ and recommending the Commissioner's decision be affirmed. (ECF No. 23 at 25-26.)

### III.  PARTIES' RESPONSE

Plaintiff filed Objections to the Report on June 14, 2018, which largely followed Plaintiff's contentions addressed above. (ECF No. 25.) In her Objections, Plaintiff argues that the ALJ: (1) failed to provide sufficient explanation concerning his credibility assessment of Plaintiff (ECF No. 25 at 1-2); (2) over-assessed Plaintiff's RFC in light of the medical records and testimony (ECF No. 25 at 2-7); (3) failed to consider or discuss the potential impact of

Plaintiff's pain on her ability to work (ECF No. 25 at 7-8); (4) failed to properly assess the mental aspects of the RFC (ECF No. 25 at 8); and (5) failed to make a finding that Plaintiff was disabled under Medical-Vocational Guideline 202.04. (ECF No. 25 at 8-9.) The Commissioner filed a response to Plaintiff's Objections, relying on her previous briefing to the Court and the Report in asking this Court to affirm the Commissioner's decision. (ECF No. 26.)

## IV. DISCUSSION OF THE LAW

### A. STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the

administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper standard or misapplication of the law. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58. In order for a reviewing court to determine whether the Commissioner based a decision on substantial evidence, "the decision must include the reasons for the determination . . . ." *Green v. Chater,* 64 F.3d 657, 1995 WL 478032, *2 (4th Cir. 1995) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986)).

## B.  ANALYSIS AND DISCUSSION

The Agency has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to his past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see Woods v. Berryhill*, 888 F.3d 686, 689 (4th Cir. 2018). It is Plaintiff's duty both to produce evidence and prove he is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995)("The applicant bears the burden of production and proof during the first four steps of the inquiry."). Nevertheless, the ALJ is to develop the record and where he "fails in his duty to fully inquire into the issues necessary for adequate development of the record, and

5

such failure is prejudicial to the claimant, the case should be remanded." *Marsh v. Harris*, 632 F.2d 296, 300 (4th Cir. 1980).

Here, the ALJ found that Plaintiff had the following severe impairments: spine disorders, fibromyalgia, sleep-related breathing disorders and carpal tunnel syndrome. (Tr. at 12.) The ALJ also found non-severe impairments of diabetes, hypertension and several non-severe mental impairments. (Tr. at 13-14.) In view of the medical evidence, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listing (presumptively disabling impairments listed in the Commissioner's regulations at 20 C.F.R. Pt. 404, Subpt. P, App. 1). (Tr. at 15.) The ALJ found, after careful consideration of the entire record, that Plaintiff has the RFC to perform light work with certain restrictions. (Tr. at 15.) In so finding, the ALJ indicated that he considered all of Plaintiff's symptoms and the extent to which those symptoms could be reasonably accepted as consistent with the objective medical evidence, opinion evidence and other evidence. In so doing, he specifically evaluated the intensity, persistence and limiting effects of Plaintiff's symptoms to determine the extent to which they limit Plaintiff's functioning. He addressed statements about the effects of pain and other symptoms, and made credibility findings where so appropriate. (Tr. at 16.) Based on the Plaintiff's testimony and allegations of disabling symptoms and limitations, her descriptions of her daily activities and the medical records, he ultimately found Plaintiff to be only partly credible. (Tr. at 16.) He articulated support for his conclusion that although Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," her "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (Tr. at 17-21.)

Upon review of the medical records and the opinion testimony in the record, the ALJ determined that Plaintiff is capable of performing past relevant work as an officer manager and officer helper. (Tr. at 21.) He specifically noted the testimony of the Vocational Expert ("VE") that Plaintiff would be able to perform this work assuming the RFC, and the ALJ so found. (Tr. at 22.) Accordingly, the ALJ did not need to reach step five of the sequential analysis as Plaintiff was deemed to be able to perform past relevant work. *See* 20 C.F.R. § 404.1520.

The Court has considered Plaintiff's Objections to the Report. As an initial matter, Plaintiff does not direct the Court to any error in the Magistrate Judge's analysis, other than to disagree with the Magistrate Judge's ultimate recommendation to this Court. Despite this shortcoming, the Court has reviewed the record *de novo* but finds no error. As for Plaintiff's first, second and fourth Objections as to the ALJ's consideration of the Plaintiff's RFC and credibility assessment, the Court notes the Magistrate Judge fully considered these matters in her report and Plaintiff's Objections on these points are merely a reiteration of arguments made in prior briefing before the Court. It is not this Court's job to re-weigh the evidence considered by the ALJ in an effort to reach a different conclusion. *See Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir.2001) ("[i]n reviewing and ALJ's finding for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary.") Similarly, "[i]t is not the proper province of the courts to second-guess the ALJ's credibility determinations." *Chafin v. Shalala*, 4 F.3d 984 (4th Cir. 1993)(unpublished decision). Here, the ALJ correctly set forth the law and the support for his conclusion, all of which was detailed in full by the Magistrate Judge. There is substantial evidence to support the ALJ's conclusions. Upon review, the Court finds no reason to disturb

the ALJ's credibility and RFC findings which demonstrate a careful consideration of the entire record in this case. Accordingly, these Objections are overruled.

The Court has also considered Plaintiff's third Objection that the ALJ failed to consider or discuss the potential impact of Plaintiff's pain on her ability to work, but finds this Objection has no merit. Here again, the Magistrate Judge addressed this issue. However, Plaintiff has not pointed this Court to any error in the Magistrate Judge's consideration of the same nor does this Court find any. As detailed above, the ALJ considered Plaintiff's claims of pain as part of his RFC assessment, and the questions posed to the VE took these considerations into account. *See Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989). This Objection is, therefore, overruled.

The Court also overrules Plaintiff's final Objection—that the ALJ failed to make a finding that Plaintiff was disabled under Medical-Vocational Guideline 202.04. As an initial matter, the Commissioner "may rely on the Medical-Vocational Guidelines only in appropriate cases." *See Golini v. Astrue*, 483 F. App'x 806, 808 (4th Cir. 2012)(unpublished decision)(internal citations and quotations omitted). More specifically, however, the ALJ did not need to apply the Medical-Vocational Guidelines (used at step five) in this case where the he determined at step four that Plaintiff could perform her past relevant work actually and generally. (Tr. at 58.) *See Heckler v. Campbell,* 461 U.S. 458, 461 (1983); 20 C.F.R. § 404.1569. There was no need for the ALJ to proceed to the fifth step to determine whether other jobs existed in the national economy Plaintiff could perform where Plaintiff can perform her past work. *See Pass v. Chater,* 65 F.3d 1200, 1203 (4th Cir.1995) (acknowledging that if an applicant's claim fails at any step of the process, the Commissioner need not advance to the subsequent steps); *see also* 20 C.F.R § 404.1560.

In sum, it is the task of the ALJ, not this Court, to make findings of fact and resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "It is not within the province of this [C]ourt to determine the weight of the evidence; nor is it [the Court's] function to substitute [its] judgment for that of [the Commissioner] if his decision is supported by substantial evidence." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). For these reasons, this Court agrees with the Magistrate Judge's assessment of the ALJ's ruling. Plaintiff's Objections fail to present any additional information or arguments not already addressed in briefing to the Court and in the Report. This Court has not been presented with any reason to deviate from the Report's well-reasoned conclusion that the ALJ's decision is supported by substantial evidence in light of the record and the applicable law.

## V.     CONCLUSION

After a thorough *de novo* review of the Report and the record in this case pursuant to the standard set forth above, the Court finds there is substantial evidence to support the ALJ's conclusion Plaintiff was not disabled under the Act during the relevant time period. The ALJ's decision is free from reversible legal error. Further, the determination is reasonable. Thus, the Court overrules Plaintiff's Objections, adopts the Report and incorporates it herein. Therefore, it is the judgment of the Court the Commissioner's final decision denying Plaintiff's claims is **AFFIRMED**.

**IT IS SO ORDERED.**

/s/ A. Marvin Quattlebaum, Jr.
United States District Judge

August 22, 2018
Greenville, South Carolina